IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

,
**BRIAN HALE**                                                  No. 3:21-cv-01219-HZ

              Plaintiff,                    OPINION & ORDER

    v.

**CITY of PORTLAND and**
**STATE of OREGON**
              Defendants.

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Brian Hale brings this action against the City of Portland and the State of Oregon. Defendants have not yet been served with process. Plaintiff moves to proceed *in forma pauperis* [5]. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [1] without prejudice.

1 – OPINION & ORDER

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to

amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

Plaintiff asserts his claim under the Fourteenth Amendment to the U.S. Constitution. Plaintiff alleges that he has been a victim of fraud and discrimination. Compl., ECF 1. Plaintiff's claims arise from receiving a low credit score from three credit reporting agencies. He also alleges discrimination by a private car dealer when he attempted to finance the purchase of a new car. Plaintiff's complaint makes no allegations describing any actions by Defendants that caused Plaintiff harm or violated his rights.

Because the Court is unable to discern a claim against the Defendants upon which relief can be granted, the Court dismisses the Complaint without prejudice and with leave to amend.

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed IFP [5]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order. The Clerk shall not issue a summons without direction from the Court.

IT IS SO ORDERED.

DATED: September 29, 2021.

MARCO A. HERNÁNDEZ
United States District Judge

3 – OPINION & ORDER